UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ANTHONY FRED MARTIN, ) | Civil Action No.: 4:13-cv-3179-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| WILLIAM BYARS and DONALD LANE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Presently before the court the parties' cross-motions for summary judgment (Documents # 35, 41). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in dismissal of his Complaint. Both parties filed timely responses. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

## II.     FACTS AND ALLEGATIONS

Plaintiff alleges that on December 20, 2011, his cell in the Special Management Unit (hereinafter "SMU") was searched by officers Arrowood, Eich, and Thurber. Plaintiff alleges that while his cell was being searched by Thurber, Arrowood had an erection and was masturbating while fully clothed, and Plaintiff was afraid he would be raped.

Plaintiff alleges that on August 14, 2012, Defendant Lane opened and closed an investigation into Plaintiff's allegations of sexual misconduct in one day. Plaintiff alleges that Lane only questioned Arrowood, Thurber, and another officer, but did not question any of the inmates that were

assigned in the same dorm and wing as Plaintiff at the time of the alleged incident. He alleges that the Lane failed to conduct a proper investigation because of "political pressure and racially motivated intentions." Complaint p. 5.  He alleges that Lane would have investigated the matter differently if Plaintiff had been a white male or female. Plaintiff alleges that other black inmates had also raised sexual misconduct allegations against Arrowood and Lane failed to include this in his investigation. He alleges that Lane's conduct cause him humiliation, pain and suffering and distress.  Plaintiff alleges that he discovered a "relapse of a single 'fatty cholesterol tumor'" during March of 2013. Plaintiff alleges that Lane's improper investigation violated his equal protection rights and his right to be free from cruel and unusual punishment.

Plaintiff also alleges that Defendant Byars, in a separate action, failed to produce documents showing that over 100 allegations of the same behavior existed against Arrowood.  Plaintiff alleges that Byars would have produced this information if a white male or female had requested it.

## III.    STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could

reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**IV.    DISCUSSION**

    **A.     42 U.S.C. § 1983 Generally**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143

L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

### B.     Cruel and Unusual Punishment

The Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). However, the Eighth Amendment "does not mandate comfortable prisons," and, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); see also Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir.1990). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements-that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir.2003). Plaintiff alleges that Lane conducted an improper investigation into his claims of sexual misconduct in an effort to humiliate him and cause him distress. However, Plaintiff provides no facts to demonstrate the extreme deprivation of any basic human need, Shakka, 71 F.3d at 166, or any facts to support his unadorned allegation of injuries caused by Lane's actions. Strickler, 989 F.2d at 1381.

Therefore, Plaintiff's Eighth Amendment claim fails.[1]

###     C.     Equal Protection

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) To succeed on an equal protection claim under the Fourteenth Amendment, Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination ." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir.2001).  Plaintiff alleges that Lane would have properly conducted his investigation into Plaintiff's claim of sexual misconduct if Plaintiff had been a white male or a female.  He also alleges that Byars would have properly responded to discovery by providing certain documents in a separate, but related case if Plaintiff was a white male or female and that Byars would not have allowed Lane to conduct an improper investigation if Plaintiff was a white male or female.  However, he fails to present evidence or even allege that Lane actually conducted investigations into claims of sexual misconduct made by white males or females any differently than he conducted the investigation into Plaintiff's allegations or that Byars allowed Lane to conduct his investigations differently.  He further fails to show that the same documents requested by Plaintiff were also requested by a white male or female and Byars produced them to him or her.

---

[1] To the extent Plaintiff is alleging that Defendants violated his constitutional rights by failing to conduct a proper investigation, this claim fails.   The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994); cf. Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir.1988) (holding a private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted).

Plaintiff simply assumes that Defendants would have treated a white male or female differently, but presents no evidence to support the assumption. A party cannot establish judgment as a matter of law or create an issue of fact with mere speculation. Baber v. Hosp. Corp. Of Am., 977 F.2d 872, 874-75 (4th Cir.1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir.1993). Therefore, this claim is without merit.

### D. Supervisory Liability

To the extent Plaintiff asserts a claim against Byars simply because he is the director of the SCDC, such a claim fails. Because there is no doctrine of respondeat superior in § 1983 claims, Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory actions that violated constitutional norms, see Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail on a theory of supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw, 13 F.3d at 799. Plaintiff fails to present evidence sufficient to prevail on a theory of supervisory liability against Byars.

### V. CONCLUSION

In sum, Plaintiff fails to establish that judgment as a matter of law in his favor is appropriate

and also fails to present evidence sufficient to create a genuine dispute of fact for trial. Therefore, it is recommended that Plaintiff's Motion for Summary Judgment (Document # 35) be denied, Defendants' Motion for Summary Judgment (Document # 45) be granted and this case dismissed in its entirety.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 16, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**